TODD E. KOBERNICK, State Bar No. 115941
LAW OFFICES OF TODD E. KOBERNICK
2448 Historic Decatur Road, Suite 220
San Diego, California 92106
Telephone:(619) 243-8680
Fax:(619) 224-8680
Email:Todd@Kobernick.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AQUA ADVENTURES INC, a California Corporation; CRAIG SEERING, an Individual.<br><br>Plaintiff<br><br>v.<br><br>CITY OF SAN DIEGO, a Public Entity; ERIC MEECH an Individual; KERRI BROWN an Individual; MIKE CRANSTON an Individual; BRIAN ZELLER an Individual; and Does Defendants 1-20, inclusive.<br><br>Defendants | Case No. **'21CV1678 AJB MSB**<br><br>**AQUA ADVENTURES AND CRAIG SEERING'S COMPLAINT FOR DAMAGES:**<br><br>(1) Assault<br>(2) Battery<br>(3) Deprivation of Civil Rights Under 42 U.S.C. § 1983<br>(4) Violation of Civil Rights (Bane Act) Under Civil Code § 52.1<br>(5) Negligence<br>(6) Negligence Hiring, Supervision or Retention<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Aqua Adventures and Craig Seering files this Complaint against Defendants Eric Meech, Kerry Brown, Mike Cranston, Brian Zeller and City of San Diego and alleges the following:

**COMPLAINT FOR DAMAGES** - Page 1

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over Plaintiff's federal claim under 42 U.S.C. §1983 pursuant to 28 U.S.C. §§1331 and 1343.  Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under state law.

2.     Venue is proper in the Southern District of California pursuant to 28 U.S.C. §§1391(b)(1) and (b)(2). Plaintiffs and Defendants are situated within the Southern District, and the acts or omissions which form the basis of Plaintiff's claims occurred in the City of San Diego, also within the Southern District.

## COMMON ALLEGATIONS

3.     Aqua Adventures, Inc. (hereinafter "Aqua Adventures") is a California corporation authorized to conduct business in the State of California and at all times relevant herein has met all licensing, registration and regulatory requirements necessary to perform work described were at issue in this Complaint .

4.     Mr. Seering is an individual who at all relevant times was and is residing in the State of California, County of San Diego, and therefore enjoyed the protection of the laws of the State of California as well as the laws of the United States, including the protections afforded under the California and United States Constitutions.

5.     Plaintiffs are informed and believed that Defendants Eric Meech ("Meech"), Kerry Brown ("Brown") , Mike Cranston ("Cranston") and Brian Zeller  ("Zeller") are and at all times relevant herein are residents of the County of San Diego, State of California.

6.     Plaintiffs are informed and believed that each of Defendants Meech, Brown, Cranston and Zeller are and at all times relevant herein are employed by the City of San Diego with the San Diego Lifeguard Services.

7. The City of San Diego is a public entity located in the State of California.

8. Plaintiffs are ignorant of the true names and capacities of Defendants sued, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of the fictitiously named Defendants when ascertained, together with appropriate charging allegations. Plaintiffs believe that these fictitiously named Doe Defendants are employees of or are associated with the City of San Diego and were involved with the incidents alleged herein.

9. Plaintiffs are informed and believe and based thereon allege each fictitiously named Defendant is responsible for, and has contributed to, the matters hereafter related giving rise to the damages suffered by Plaintiffs. Plaintiffs therefore allege each and every cause of action hereafter set forth against each Defendant and ask that their identity, capacity and particulars of the activities of each Defendant be permitted to incorporated herein by appropriate amendment hereto.

10. Plaintiffs are informed and believe and thereon allege each of the above-named Defendant was the agent for all the other Defendants, and each of the Defendants performed the actions, which were done with ratification or consent of the other Defendants. Moreover, all of the Defendants were acting within the scope of their agency for the other Defendants and therefore are responsible and liable to Plaintiffs for the facts herein alleged.

11. Plaintiff Aqua Adventures is in the business of, among other things, renting kayaks, stand up paddle boards and Hydro-Bikes (water bikes).

## STATEMENT OF FACTS

12. On September 13, 2020, Aqua Adventures rented a HydroBike (a water bike) to a group of people, including a father and a small child on the date of the incident from the Aqua Adventures site in Mission Bay (Quivira Basin) San Diego.

///

///

13.    The Aqua Adventures employee who provided the water bike and related equipment to the father and small child also provided a personal flotation device (PFD) for each of the father and the child.

14.    At the time the father and child left the Aqua Adventures dock on the water bike, the child and the father were wearing a PFD.  Both PFDs were on the water bike at all times during the rental.

15.    Plaintiffs are informed and believe that while on the water in Mission Bay, the Defendants Meech and Brown, who were San Diego Lifeguards, required the father and his child to return to the Aqua Adventures dock, due to the perceived lack of two PFDs.

16.    California Harbor and Navigation Code Section 674 ("Section 674") requires that a vessel not be delivered to a renter "unless it shall have been provided, either by the owner or renter, with the equipment required pursuant to the applicable laws and regulations."  Violation of this section may constitute an infraction.

17.    Defendants Meech and Brown did not cite the father for the (perceived) failure to have a PFD for both the father and the child or for not wearing the PFDs.

18.    Defendants Meech and Brown did not cite the business which rented the water bike, namely Plaintiff Aqua Adventures for the failure to provide a PFD for each of the father and child renting the water bike, which would arguably be in violation of Section 674.

19.    Defendants Meech and  Brown without legal authority or right targeted and cited Plaintiff Craig Seering, an employee and an owner of Aqua Adventures by issuing a citation for violation of Section 674.

20.    Plaintiff Craig Seering had no interaction with the renter of the water bike.

21.     Section 674 does not provide any authority, legal right or other basis for issuing a citation under said Section against Plaintiff Seering.

22.      The citation for violation of Section 674 was dismissed in favor of Plaintiff Seering.

23.     Defendants, San Diego Lifeguards Brown and Meech claimed that the Aqua Adventures' employee did not provide a PFD for each of the father and the child, which was incorrect.

24.     Defendants Brown and Meech entered the Aqua Adventures business premises and were informed that the business is operated through a corporation, namely, Plaintiff Aqua Adventures. The business license for Plaintiff Aqua Adventures was shown to Defendants Brown and Meech. However, Defendant Brown insisted on gathering information on Plaintiff Seering.

25.     Defendant Meech was handed a business card for Aqua Adventures but threw the business card to the ground.

26.     Mr. Seering willingly and voluntarily shared information that the rental business is owned by a corporation.  Officer Brown belligerently and determinedly demanded that Mr. Seering, an individual, provide his personal information to her to allow Officer Brown could cite Mr. Seering as an individual.  However, Mr. Seering was not the employee on the dock who provided the water bike to the father, he was not the employee who assisted the father in completing the required rental forms; he is an employee and principal of Aqua Adventures.

27.     Defendant Meech loudly pronounced that Mr. Seering was not in charge, that he (Defendant Meech) and Defendant Brown were in charge and they were going to put him out of business.

28.     Defendants Brown and Meech reportedly contacted two other lifeguards to assist in issuing a citation.  Mr. Seering believes that the names of the additional lifeguards are Defendants Cranston and Zeller.

29.     These two additional lifeguards entered the Aqua Adventures store and were also informed that the rental business is operated through a corporation, namely, Aqua Adventures. The four

lifeguards, all of whom are Defendants, continued to harass Mr. Seering and other employees for nearly 20 minutes, insisting and demanding that Mr. Seering provide his personal information, even after he provided all the information necessary to cite the company (Aqua Adventures).

30.     Mr. Seering while standing outside the entrance to the Aqua Adventures store conversed with the four lifeguard Defendants.  At all times Mr. Seering was compliant, non-violent, and provided responses to the lifeguard Defendants, when requested to do so.

31.     At no time did any of the Defendants advise Mr. Seering that he was under arrest, that he should stand still, sit down or use other similar language.

32.     While Mr. Seering and Defendants Brown, Meech, Cranston and Zeller were standing outside the Aqua Adventures store, three of the lifeguards, namely Defendants Meech, Cranston and Zeller surrounded Mr. Seering.  Without cause or provocation, these three lifeguard Defendants grabbed Mr. Seering; Defendant Meech grabbed Mr. Seering around his throat.  Mr. Seering at this point was being pulled by these Defendants in multiple directions.

33.     Ultimately, Defendants Meech and Zeller violently threw Mr. Seering onto the ground, which was hard concrete and asphalt.  While on the ground Defendant Meech used a choke hold on Mr. Seering, intending to inflict severe and grave bodily injury and, perhaps, the death of Mr. Seering.

34.     At no time did Mr. Seering strike out or otherwise strike any of the Defendants.  To the extent possible he placed his hands in front of his face and his throat – but he did not strike or hit the Defendants. At no time did Mr. Seering act in a violent, confrontational, or uncivil manner.

35.     Shortly after Mr. Seering was abusively thrown to the ground by said Defendants, two San Diego Police Officers arrived on the scene and assumed control of the situation.  Mr. Seering was not taken into custody nor was he arrested.

36.    After Mr. Seering was picked up off the ground by the Police Officers, Defendant Meech picked up Mr. Seering's phone and appeared to be searching on the phone for information, without permission or a warrant, prior to being told to return the phone by the Police Officers

37.    Prior to issuing the citation for the perceived and alleged failure to provide a PFD to the renter of the water bike, some or all of the Defendant lifeguards involved in this incident conspired to cause injury and damage to Mr. Seering and to the business of Aqua Adventures.

## FIRST CAUSE OF ACTION
## ASSAULT

38.    Plaintiffs incorporate by this reference Paragraphs 1 through 37, inclusive of this Complaint, inclusive as though fully set forth herein and are incorporated into and made a part of this Cause of Action.

39.    The acts of Defendants Meech, Brown, Zeller and Cranston alleged herein, were intended to cause harmful or offensive contact to Mr. Seering or intended to put him in imminent apprehension of such contact.

40.    As a result of said Defendants' acts alleged herein Mr. Seering was put in immediate apprehension of harmful or offensive contact.

41.    The harmful or offensive contact was not privileged nor consented to and was excessive, unreasonable and done with deliberate indifference to the rights and safety of Mr. Seering and was done with the intent to inflict punishment, above and beyond the reason for using force in the first place.

42.    Mr. Seering did not consent to the Defendants lifeguards threatening and abusive conduct. Defendants' lifeguards' conduct and each of them, was a substantial factor in causing Mr. Seering harm.

43.     Plaintiffs are further informed and believes and thereon alleges that at the time and on the occasion in question, Defendants Meech, Brown, Cranston, and Zeller were employees of the Defendant City of San Diego and committed the aforementioned acts while acting in the course and scope of their employment, under the color of authority as a lifeguards and law enforcement officers. The lifeguards also used the color of law and their positions of power as a law enforcement officer to assault Plaintiff Seering. As such, the City of San Diego is vicariously liable for the reckless, malicious, and wanton conduct of Defendants Meech, Brown, Zeller and Cranston, based on the theory of *respondent superior*.

44.     As a direct and proximate result of the acts of the individually named Defendant lifeguards and omissions of The City of San Diego, Mr. Seering suffered physical injuries, and other special and general damages according to proof at trial.

## SECOND CAUSE OF ACTION
## BATTERY

45.     Plaintiffs incorporate by this reference the allegations contained in paragraphs 1 through 44, inclusive of this Complaint into this Cause of Action as though fully set forth herein.

46.     Defendants Meech, Cranston and Zeller acted with the intent to physically attack and harm Plaintiff Seering and did in fact physically attack and harm Plaintiff Seering.

47.     Under the California Government Code Section 7286.5 a law enforcement agency shall not authorize the use of a carotid restraint or choke hold by any peace officer employed by that agency. However, Defendant Meech violated Government Code Section 7286.5 when he applied a choke hold on Plaintiff Seering, placing Mr. Seering at risk of death.

48.     The aforementioned conduct by said Defendants was willful and malicious and was intended to oppress and cause injury to Plaintiff Seering. Mr. Seering did not at any time consent to any of the wrongful conduct of any of said Defendants.

49. Plaintiffs are further informed and believes and thereon alleges that at the time and on the occasion in question, all lifeguards were employees of Defendant City of San Diego, and committed the aforementioned acts while acting in the course and scope of their employment, under the color of authority as lifeguards and law enforcement officers. Said Defendants also used the color of law and their position of power as a law enforcement officer to batter Plaintiff Seering. As such, Defendant City of San Diego, is vicariously liable for said Defendant's commission of intentional battery and for Defendant Meech's violation of the Government Code Section 7286.5 based on the theory of *respondent superior*.

50. As a direct and proximate result of the acts of Defendants Meech, Cranston and Zeller and the omissions of The City of San Diego, Mr. Seering suffered physical injuries, and other special and general damages according to proof at trial.

### THIRD CAUSE OF ACTION
### DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

51. Plaintiffs incorporate by this reference the allegations contained in paragraphs 1 through 48, inclusive of this Complaint into this Cause of Action as though fully set forth herein.

52. The intentional conduct of Defendants above-described violated Plaintiffs' rights to be free from unreasonable seizures, excessive or arbitrary force, and arrest or detention without reasonable or probable cause. Said rights are substantive guarantees under the Fourth and Fourteenth Amendments to the Constitution of the United States.

53. Plaintiffs allege that the damages they sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of gross negligence in the training, supervision and/or discipline of members of the City of San Diego Lifeguard Department.

54. Plaintiffs are further informed and believes and thereon alleges that at the time and on the occasion in question, Defendants Meech, Brown, Cranston, and Zeller were employees of the City

of San Diego Lifeguard Department and and committed the aforementioned acts while acting in the course and scope of their employment, under the color of authority as a law enforcement officer.

55.    Said Defendants also used the color of law and their positions of power as law enforcement officers to deprive Mr. Seering of certain constitutionally protected rights and violate the Fourth and Fourteenth Amendment to the United States Constitution.   As such, Defendant City of San Diego, is vicariously liable for its employee's violations based on the theory of *respondent superior*.

56.    The conduct of the Defendants as described herein represented a willful and conscious disregard for the basic rights and dignity of individuals under the jurisdiction of the United States, including Plaintiff Seering. Punitive damages are therefore sought against Defendant according to proof at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS (BANE ACT)**

57.    Plaintiffs incorporate by this reference the allegations contained in paragraphs 1 through 48, inclusive of this Complaint into this Cause of Action as though fully set forth herein.

58.    This cause of action is brought pursuant to California Civil Code Section 52.1.

59.    This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage, of rights, privileges, and immunities secured by the Constitution and laws of California including, but not limited to, the right to be free from violence and threats of violence.

60.    During all times mentioned herein, Defendants Meech, Brown, Cranston and Zeller, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the State of California and the San Diego Lifeguard Department. Each of said Defendants, separately and in concert,

deprived decedent of the rights and privileges secured to Plaintiff Mr. Seering by the Constitution and laws of California as alleged herein.

61.     Plaintiffs are informed and believe, and thereon allege, that on or about November 13, 2020, the San Diego lifeguards Meech, Cranston Brown and Zeller, employees and agents, of the City of San Diego, assaulted and battered,  while acting under color of law, within their course and scope of employment as a law enforcement officers, all of which constituted excessive, unjustifiable, and unreasonable force in violation of Plaintiff Seering's civil rights, including his right to be free from violence and threats of  violence as set for in the California Civil Code.

62.     In addition to the above alleged conduct, Plaintiff Seering was subjected to the above deprivations as a result of the failure of the City of San Diego, to properly train these said individual Defendants, and by its hiring and retention of them with a known propensity for violence.

63.     Defendant City of San Diego knew or should have known that these acts, omissions, decisions, practices, and policies, both formal and informal, were being carried out by its agents and employees.  Defendant City of San Diego has taken no steps to acknowledge and prevent this course of misconduct, to make redress to Plaintiff  Seering, and have failed to take sufficient disciplinary actions against the involved employees resulting in violations of Plaintiff Seering's civil rights.

64.     The rights and privileges secured to Plaintiff Seering by the Constitution and laws of California were implicated by the wrongful conduct of the Defendants, and each of them, which proximately caused injuries to the Plaintiff Seering.

65.     Plaintiff Seering requests damages in an amount and manner to be shown according to proof at trial.

66.     As a further direct and proximate cause of the acts alleged herein, Plaintiffs seek attorneys' fees as provided for in California Civil Code Sections 52.1(b) and 52.1(h) in an amount and manner to be shown according to proof at trial.

**COMPLAINT FOR DAMAGES.** - Page 11

**FIFITH CAUSE OF ACTION**
**NEGLIGENCE**

67.     Plaintiffs incorporate by this reference the allegations contained in paragraphs 1 through 66, inclusive of this Complaint into this Cause of Action as though fully set forth herein.

68.     Defendants Meech, Brown, Cranston and Zeller, and each of them, had a duty to exercise ordinary or reasonable care in activities from which harm might reasonably be anticipated.

69.     Said Defendants, and each of them, failed to use ordinary or reasonable care in their interactions with Plaintiff Seering and negligently caused him to be assaulted, battered, and falsely arrested as alleged herein.

70.     Plaintiff Seering's injuries and the injury to the business of Plaintiff Aqua Adventures were proximately caused by the negligent and wrongful acts or omissions of Defendants Meech, Cranston, Brown and Zeller and each of them, as they used violent and excessive force against Plaintiff Seering.

71.     Plaintiffs are further informed and believe and thereon allege that at all relevant times, said Defendants (Lifeguards) were acting within the course and scope of their employment and/or agency with Defendant City of San Diego. These Defendants Lifeguards remained uniformed as and used their actual and/or apparent authority during the time Plaintiff Seering was subjected to the aforementioned assault, battery, and unlawful deprivation of his freedom of movement.

72.     Defendant City of San Diego failed to use reasonable care in the hiring, supervision, and retention of Defendants Meech, Brown, Cranston and Zeller and knew or should have known of the violent animus harbored by said Lifeguards.

73.     As a proximate result of the negligent and wrongful conduct of each of the Defendants herein described, Plaintiffs suffered damages in an amount and manner to be shown according to proof at trial.

74.

## SIXTH CAUSE OF ACTION
## NEGLIGENT HIRING, SUPERVISION OR RETENTION

75.    Plaintiffs incorporate by this reference the allegations contained in paragraphs 1 through 73, inclusive of this Complaint into this Cause of Action as though fully set forth herein.

76.    Plaintiffs are informed and believe, and based thereon allege, that on and before November 13, 2020, the City of San Diego, hired, supervised, and retained its employees Meech, Cranston, Brown, and Zeller.

77.    Plaintiffs are informed and believe, and based thereon allege, that on or before November 13, 2020, City of San Diego, knew or, in the exercise of reasonable diligence, should have known, that Defendants Meech,  Brown, Cranston, and Zeller were reasonably likely to threaten or injure persons with whom these Lifeguards expected to come into contact.

78.    Plaintiffs are informed and believe, and based thereon allege, that on or before November, 13 of 2020, City of San Diego, failed to properly supervise and train these lifeguards, and failed to have processes and procedures which would ensure that its employees, would not assault and battery persons with whom they were expected to come into contact.

79.    Government Code Section 815.2 and Government Code Section 820 provide that a public employee generally is liable for an injury caused by his or her act or omission to the same extent as a private person and that, when the act or omission of a public employee occurs in the scope of employment the public entity employer will be vicariously liable for the injuries.

80.    As a proximate result of the negligent and wrongful conduct of each of the Defendants herein described, Plaintiffs suffered damages in an amount and manner to be shown according to proof at trial.

**WHEREFORE**, Plaintiffs request judgment as follows:

First Cause of Action for Assault

1. General damages in a sum within the jurisdictional limits of this court, the exact amount to be proven the time of trial;

2. Interest thereon at the legal rate;

3. For costs of suit herein; and

4. For such other and further relief as the Court may deem proper.

Second Cause of Action for Battery

1. General damages in the sum within the jurisdictional limits of this court, the exact amount to be proven at trial;

2. Interest thereon at the legal rate;

3. For reasonable costs of suit herein; and

4. For such other and further relief as the Court may deem proper.

Third Cause of Action for Violation of Federal Civil Rights (42 U.S.C. § 1983)

1. General damages in the sum within the jurisdictional limits of this court, the exact amount to be proven at trial;

2. Interest thereon at the legal rate;

3. For reasonable costs of suit herein; and

4. For such other and further relief as the Court may deem proper.

Fourth Cause of Action for Violation of Civil Rights (BANE ACT)

1. General damages in the sum within the jurisdictional limits of this court, the exact amount to be proven at trial;

2. Interest thereon at the legal rate;

3. For reasonable attorneys' fees and costs of suit herein; and

4.  For such other and further relief as the Court may deem proper.

Fifth Cause of Action for Negligence

1.  General damages in the sum within the jurisdictional limits of this court, the exact amount to be proven at trial;

2.  Interest thereon at the legal rate;

3.  For reasonable costs of suit herein; and

4.  For such other and further relief as the Court may deem proper.

Sixth Cause of Action for Negligence Hiring, Supervision or Retention

1.  General damages in the sum within the jurisdictional limits of this court, the exact amount to be proven at trial;

2.  Interest thereon at the legal rate;

3.  For reasonable costs of suit herein; and

4.  For such other and further relief as the Court may deem proper.

On all causes of action, Plaintiffs request a Jury Trial.

LAW OFFICES OF TODD E. KOBERNICK

Dated: September 24, 2021          By: _____

Todd E. Kobernick
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES. - Page 15